IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:20-CV-11-BO

| | | |
|---|---|---|
| PATRICIA COSETTA WHIDBEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| ANDREW SAUL, | ) | |
| *Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on plaintiff's motion for judgment on the pleadings [DE 20] and defendant's motion for judgment on the pleadings [DE 26]. A hearing was held on the motions before the undersigned on June 17, 2021, at Edenton, North Carolina. For the reasons that follow, the decision of the Commissioner is reversed.

BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. Plaintiff filed an application for disability insurance benefits and supplemental security income on June 21, 2016, alleging a disability onset date of March 31, 2016. After initial denials, an administrative law judge (ALJ) held a hearing, and subsequently found on November 27, 2018 that plaintiff was not disabled. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the

2

claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ found that that plaintiff had not engaged in substantial gainful activity since her alleged onset date of March 31, 2016. The ALJ found that plaintiff's degenerative disc disease, diabetes mellitus, obesity, hypertension, and osteoarthritis were severe impairments, but that either alone of together her impairments did not meet or equal a Listing. The ALJ determined that plaintiff had the residual functional capacity to perform a reduced range of medium work and at step four found that plaintiff was able to perform her past relevant work as a school bus driver as actually and generally performed and mental health unit technician as generally performed.

Upon review of the record and decision, the Court concludes that the ALJ's findings are not supported by the record and that the ALJ erred in finding that plaintiff could perform reduced work at the medium exertional level. The regulations provide a two-step analysis for evaluating a person's subjective complaints of pain and other symptoms. 20 C.F.R. § 404.1529; *Craig v. Chater*, 76 F.3d 585, 591–96 (4th Cir. 1996). First, the adjudicator must determine whether there is objective medical evidence showing the existence of a medical impairment that could be

reasonably expected to produce the pain or other alleged symptoms. 20 C.F.R. § 404.1529(b). However, an ALJ cannot require subjective evidence of pain for an individual's statements regarding their pain to be considered credible. *Hyatt v. Sullivan*, 899 F.2d 329, 332–33 (4th Cir. 1990). Second, the adjudicator evaluates the intensity and persistence of the symptoms to determine how they limit the capacity for work. 20 C.F.C. § 404.1529(c).

Here, plaintiff has a documented medical diagnosis and history with symptoms that have limited her functional ability to perform work on a sustained basis. The symptoms and functional limitations are supported by objective testing and observations corroborated over a substantial period. The evidence shows that plaintiff has been diagnosed with degenerative disc disease, diabetes mellitus with neuropathy, hypertension, osteoarthritis, obesity, depression, and anxiety. Her symptoms include tightness in her neck; headaches two to three time per week; burning, tingling, and numbness in her hands, fingers, and feet; shooting pains in her low back; pain and numbness in her knees and legs bilaterally; and fatigue. Musculoskeletal exams completed by Comprehensive Rehabilitation showed tightness and tenderness of the cervical paraspinals and upper traps. Her lumbar spine range of motion testing was limited in extension, flexion, and side-bending, and her diagnostic assessment was right shoulder moderate supraspinatus and infraspinatus tendinosis. Another physician with The Spine Center made a diagnostic assessment of lower back pain and degenerative spondylolisthesis, and an exam revealed increased pain with extension and facet loading. A doctor with the Vidant Medical Center Pain Management noted MRI evidence of degenerative joint disease of the lumbar spine, polyneuropathy likely related to diabetes, probable degenerative joint disease due to plaintiff's age and type of work, and history of morbid obesity. This evidence is further supported by the fact that she attempted, and failed,

4

to return to work for a short period of time as a bus driver and continue her part-time sedentary work.

Based on the testimony of the vocational expert, there is no competitive employment for an individual who is absent more than one and a half days per month; off task more than twelve percent of the workday; needs to alternate between standing and sitting every thirty minutes; needs to lie down for breaks; is limited to concentrating in less than two-hour increments; is limited to occasional fingering and handling; and limited in her ability to sit, stand, and walk for an eight-hour workday. However, the medical evidence shows that plaintiff has functional limitations including limited in sitting for ten to fifteen minutes, limited in standing to twenty minutes, limited in walking for ten minutes, limited in lifting to five founds, limited in ability to grip and to grasp, and limited in ability to focus and concentrate, as well as a need to lie down or recline during the day to relieve symptoms.

The Court in its discretion finds that reversal and remand for benefits is appropriate, as plaintiff clearly is unable to do even reduced medium work. The record properly supports such a finding. Plaintiff meets the disability requirements of Vocational Rule 201.06 or 202.06 if she is fifty-five years old or older, has an RFC limited to sedentary or light exertional level as a result of a severe medically-determinable impairment, is a high school graduate, and has previous work experience as a skilled or semi-skilled worker from which skills are not transferrable. The ALJ clearly erred in finding that plaintiff could do work at the medium exertional level, and plaintiff therefore meets the disability requirements. Reopening this case for another hearing would serve no purpose, and the ALJ's decision must be reversed.

## CONCLUSION

Accordingly, plaintiff's motion for judgment on the pleadings [DE 20] is GRANTED and defendant's motion for judgment on the pleadings [DE 26] is DENIED. The decision of the ALJ is REVERSED and this matter is REMANDED to the Commissioner for an award of benefits. The clerk is DIRECTED to close the case.

SO ORDERED, this _7_ day of July, 2021.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE